UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Jacqueline Antoinette Faulk**　　　　　　　　　　　　**Docket No. 5:13-CR-236-2FL**

**Petition for Action on Supervised Release**

COMES NOW Michael W. Dilda, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Jacqueline Antoinette Faulk, who, upon an earlier plea of guilty to Armed Bank Robbery and Aiding and Abetting, in violation of 18 U.S.C. § 2113(a), 18 U.S.C. § 2113(d), and 18 U.S.C. § 2, was sentenced by the Honorable Louise W. Flanagan, U.S. District Judge, on July 10, 2014, to the custody of the Bureau of Prisons for a term of 28 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 3 years.

Jacqueline Antoinette Faulk was released from custody on September 6, 2016, at which time the term of supervised release commenced.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

The defendant was ordered to pay $80 per month to begin 60 days after her release from prison. Faulk agreed to pay $80 per month beginning November 8, 2016; however, she remained unemployed until April 2017. As such, she was unable to pay towards her financial obligation until June 2017. Although payments have been minimal and sporadic, a total of $65 has been collected since her release. Her account reflects a total collection of $254.18 and a balance of $6,529.82. Faulk has agreed to continue to pay $80 per month towards her financial obligation now that she is gainfully employed. The probation office will continue to monitor her payments and her financial ability to pay.

On July 25, 2017, the defendant provided a urine sample that was submitted for laboratory analysis. On August 2, 2017, laboratory analysis revealed positive results for cocaine. On August 17, 2017, when confronted with the positive results, Faulk admitted to using cocaine on approximately July 22, 2017. The defendant continues to participate drug testing measures and will be returning for additional substance abuse counseling. As sanctions for this violation conduct, completion of 30 days of Location Monitoring with curfew is recommended, along with participation in DROPS Program, which shall begin at the standard use level. The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. While under supervision in the Eastern District of NC, the defendant shall participate in the DROPS Program and, in response to detected illegal drug use, shall be confined in the custody of the Bureau of Prisons for a period not to exceed 30 days of intermittent confinement, as arranged by the probation office, in the following increments: First Use - Two Days; Second Use - Five Days; Third Use - Ten Days.

2. The defendant shall adhere to a curfew as directed by the probation officer for a period not to exceed 30 consecutive days. The defendant is restricted to residence during the curfew hours. The defendant shall submit to the following Location Monitoring: Radio Frequency monitoring and abide by all program requirements, instructions and procedures provided by the supervising officer.

Except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,  I declare under penalty of perjury that the foregoing is true and correct.

/s/ Dwayne K. Benfield
Dwayne K. Benfield
Supervising U.S. Probation Officer

/s/ Michael W. Dilda
Michael W. Dilda
U.S. Probation Officer
201 South Evans Street, Rm 214
Greenville, NC 27858-1137
Phone: 252-830-2342
Executed On: August 28, 2017

## ORDER OF THE COURT

Considered and ordered this __28th__ day of __August__, 2017, and ordered filed and made a part of the records in the above case.

Louise W. Flanagan
U.S. District Judge